Brian M. Guyer (Pro Hac Vice)
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
IL State Bar No. 6312967
Fax: 312-361-3509
Email: bguyer@fairdebt411.com
Telephone: 312-380-6110

Attorney for Plaintiff Ian Nolen

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION**

| | |
|---|---|
| Ian Nolan<br><br>         Plaintiff,<br><br>v.<br><br>Thunderbird Collection Specialists, Inc.<br><br>         Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1. Plaintiff, Ian Nolan, ("Ian"), is a natural person who resided in Kingman, Arizona, at all times relevant to this action.

2. Defendant, Thunderbird Collection Specialists, Inc., ("TCS"), is an Arizona Corporation that maintained its principal place of business in Scottsdale, Arizona at all times relevant to this action.

1

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, TCS collected consumer debts.

6. TCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of TCS's revenue is debt collection.

8. TCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, TCS contacted Ian to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Ian is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. On or around June 30, 2014, TCS sent a written communication to Ian in connection with the collection of the debt.

13. The written communication stated as follows:

> "GARNISHMENTS OR COURT ACTION IS EXPENSIVE!
>
> BECAUSE THE PROCESS SERVER AND THE COURT MUST BE PAID FOR THE SERVICES THEY RENDER AND ALL SUCH COSTS ARE CHARGED TO THE DEBTOR. HOWEVER, A CREDITOR SELDOM RESORTS TO COURT ACTION IF THE DEBTOR ACTS IN GOOD FAITH.
>
> SAVE MONEY
>
> THIS IMPORTANT MATTER IS BEING DEFERRED FOR FIVE (5) DAYS SO THAT YOU MAY PROVE YOUR GOOD FAITH BY PAYING THIS ACCOUNT IN FULL NOW, OR BY CALLING THIS OFFICE TO ARRANGE FOR PAYMENT."

(See June 30, 2014 Letter, attached as "Exhibit 1".)

14. This written communication implied if Ian did not comply, TCS would file a lawsuit and garnish Ian's wages.

15. "If the least sophisticated debtor would take a communication as threatening legal action, it violates the FDCPA." *Irwin v. Mascott*, 112 F.Supp.2d 937, 950 (N.D.Cal. 2000) (*citing Baker v. G.C. Services Corp.*, 677 F.2d 775, 778-779 (9th Cir. 1982) (threat to refer account to attorney for collection held to be threat of unintended legal action)

16. Shortly thereafter, in early July 2014, Ian spoke with TCS.

17. During this communication, Ian attempted to make a payment arrangement with TCS, but TCS rejected the proposed payment arrangement.

18. During this communication, TCS threatened to take legal action against Ian and garnish Ian's wages if Ian didn't pay 25% of the total debt.

19. In addition, TCS told Ian that TCS could potentially charge Ian around $4,000 for court fees.

20. Threats by a non-attorney debt collector to initiate legal action against a consumer violate Section 1692e(5) because it constitutes a "threat to take any action that cannot legally be taken." *Vaile v. National Credit Works, Inc.*, 2012 U.S. Dist. LEXIS 60513, *25 (D. Ariz. March 26, 2012).

21. Despite the threats contained in the June 30, 2014 written communication and made orally by TCS, TCS has not taken legal action against Ian.

22. TCS never intended to take legal action against Ian.

23. TCS has not garnished Ian's wages.

24. TCS never intended to garnish Ian's wages.

25. TCS caused Ian emotional distress.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates Paragraphs 5 through 25 above as if specifically stated herein.

27. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff re-alleges and incorporates Paragraphs 5 through 25 above as if specifically stated herein.

29. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff re-alleges and incorporates Paragraphs 5 through 25 above as if specifically stated herein.

31. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

Dated this __18th_ day of __June_, 2015

By: /s/ Brian M. Guyer (Pro Hac Vice)